## 9898

### MELTON v. COHANNET MILLS.

(95 S. E. 135.)

MASTER AND SERVANT—INJURY RECEIVED OUTSIDE SCOPE OF EMPLOY-
MENT.—A teamster in employ of cotton mills company, having no
duties in company's ginhouse, was not entitled to recover from
the company for injuries received there while, as a volunteer, he
was assisting a fellow-servant, where such injuries were due to his
own carelessness.

Before RICE, J., Spartanburg, Spring term, 1916.
Reversed.

Action by J. A. Melton against Cohannet Mills. From
judgment for plaintiff, defendant appeals.

*Messrs. Nicholls & Nicholls* and *John Gary Evans,* for
appellant, cite: *As to proximate cause:* 58 S. C. 493; 61 S.
C. 494. *As to assumption of risk:* 191 U. S. 64-68; 86 S.
C. 130; 55 S. C. 483; 79 S. C. 508; 79 S. C. 346; 21 S. C.
547; 55 S. C. 101; 55 S. C. 483; 72 S. C. 237; 22 S. C. 264;
Labatt on Master and Servant, secs. 263, 264, 279; 102 S.
C. 402; 87 S. C. 213; 61 S. C. 468; 80 S. C. 239; 107 S.
C. 99.

*Messrs. S. G. Finley* and *Sanders & DePass,* for respond-
ent.

January 30, 1918.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

This was an action for damages for alleged personal
injuries to the plaintiff, and was tried before Judge Rice,
and a jury, at Spartanburg, S. C., April 4, 1916, and resulted
in a verdict in favor of the plaintiff for $1,800 actual dam-
ages and $200 punitive damages. After entry of judgment
defendant appealed, and by three exceptions imputes error
and seeks reversal.

The first exception alleges error in not granting defendant's motion for a directed verdict in favor of defendant on the following grounds: (1) Because there is no evidence showing that any negligence existed on the part of the company which could in any manner be referred to as the proximate cause of any injury to the plaintiff; (2) because the undisputed evidence shows that the plaintiff was employed as a teamster, an entirely separate and distinct occupation, having no relation whatever to the work that he was performing when the injury occurred; (3) that the undisputed evidence shows that the plaintiff was a teamster, whose duties were outside of the ginhouse, the place of the accident, and that the plaintiff was not ordered by any superior officer to do the work which he was performing when he is alleged to have been injured; (4) that the danger to which the plaintiff was subjected, if at all, was obvious, easily seen, and to a man exercising due care and prudence no injury could have occurred, and, therefore, the servant assumed the risk, if any; (5) because the undisputed evidence in the case shows that the plaintiff knew of the condition of the gin upon which he is alleged to have been injured, and that the condition as he found it was assumed by him, or, rather, the risk was assumed by him in the circumstances. Defendant's counsel also moved separately for a direction of the verdict as to punitive damages, for the reason that there is no evidence in the case upon which punitive damages can be based. The evidence shows that the plaintiff was employed as a teamster; that he had no duties whatever in the ginhouse.

The evidence shows conclusively that the plaintiff was not engaged in the scope of his employment when he was injured. He was a volunteer, assisting a fellow servant. He was requested to get a pitchfork by a fellow servant. The servant was using it for the purpose of putting the seed in the gin, picking them up from the floor. The servant was requested to perform certain duties, removing the

seed and putting them in the gin.   The evidence shows that
the moat board was not intended as a protection to feeding
the gin, but to regulate the passage of the moats, and was
behind the saws, and put there to carry the moats back to the
rear.   The absence of the moat board was not in any man-
ner connected with the business which plaintiff was requested
to perform, to wit, removing the seed.   The moat board
was not put there to be in any manner connected with the
performance of that business, but was intended to regulate
the passage of the moats and carry them back to the rear and
was behind the gin saws.   Moat boards are back of the
saws, not in front.   When plaintiff brought the pitchfork
Bradley took it from him, and pitched the seed up in the gin
from the floor.   As Bradley left for another gin plaintiff
dropped on his knees and went to throwing the remnant of
seed left by Bradley into the breast of the gin.   He found
a moat with the seed, and, instead of throwing it with the
seed into the gin, where the seed ought properly to be fed
to the gin, he attempted to throw it into a hole underneath
the gin, and, missing his mark, the saws caught his finger
and inflicted the injuries.   He knew the hole was there, and
he knew the saws were there.

The testimony shows beyond dispute that the hole being
there did not expose the saws or impair the safety of the
gin.   The act of plaintiff in throwing the moats under the
gin had no connection whatever with the work that he was
engaged in and employed to do.   The master could not
assume that, instead of feeding the seed to the gin he would
poke his hand in a hole behind the saws past the moat board
to put the moats in.   Had plaintiff raked off the seed and
threw them in where cotton goes in the gin he would not
have been injured.   The evidence conclusively shows that
the proximate cause of injury was plaintiff's own careless-
ness and voluntary acts on his part in doing something that
he was not required or requested to do.   His Honor was in

error in not directing a verdict in favor of the defendant.

The case is reversed, and complaint dismissed.

Reversed.